WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gloria Marie Bagwell, | No. CV-16-08212-PCT-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Office of Disability Adjudication and Review, | |
| Defendant. | |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3). The Court finds that Plaintiff does not have sufficient means to pay the Court's fees and will grant the Application. However, as set forth below, upon screening the Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C.§ 1915(e)(2), the Court finds that Plaintiff has not satisfied the pleading requirements of the Federal Rules of Civil Procedure and fails to state a cause of action. The Court therefore dismisses the Complaint (Doc. 1) without prejudice and grants Plaintiff leave to file a First Amended Complaint consistent with the finding of the Court set forth herein.

## I. LEGAL STANDARDS

**A. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C. § 1915(e)(2)**

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief

1 may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

**B. Subject Matter Jurisdiction and Pleading in Federal Court**

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

## II. ANALYSIS

Plaintiff's Complaint form is completely devoid of any factual allegations. Plaintiff fails to set forth any facts regarding jurisdiction, the nature of her claim(s), or a demand. The Complaint fails to comply with Rule 8, Fed. R. Civ. P. Submission of a blank complaint form is not sufficient to establish subject matter jurisdiction or state a cause of action against a defendant in U.S. District Court.

In conclusion, Plaintiff's Complaint fails because Plaintiff does not allege any facts or law from which the Court can find that it has subject matter jurisdiction over her case. Nor has Plaintiff stated any facts sufficient to state a claim against the named Defendant for which relief may be granted. Therefore, the Complaint will be dismissed.

## III. LEAVE TO AMEND

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised

1  in the original complaint and that was voluntarily dismissed or was dismissed without
2  prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa*
3  *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  If Plaintiff files an amended
4  complaint, Plaintiff must write short, plain statements telling the Court: (1) the law
5  Plaintiff believes Defendant did not follow; (2) the name of the Defendant who Plaintiff
6  is suing; (3) exactly what that Defendant did or failed to do; (4) how the action or
7  inaction of that Defendant is connected to the violation of Plaintiff's rights; and (5) what
8  specific injury Plaintiff suffered because of that Defendant's conduct and the relief
9  Plaintiff seeks.  *See Rizzo*, 423 U.S. at 377.  Plaintiff must repeat this process for each
10 person or entity she names as a Defendant.  If Plaintiff fails to affirmatively link the
11 conduct of each named Defendant with the specific injury suffered by Plaintiff, the
12 allegations against that Defendant will be dismissed for failure to state a claim.
13 Conclusory allegations that a Defendant or group of Defendants has violated a right are
14 not acceptable and will be dismissed.

15     Plaintiff must also allege subject matter jurisdiction by either showing her claim
16 involves a controversy between citizens of different states, and the amount in controversy
17 exceeds $75,000, or a question of federal law, identifying the specific claim and what
18 statute applies, if any.

### IV. POSSIBLE DISMISSAL

20     If Plaintiff fails to timely comply with every provision of this Order, the Court
21 may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a
22 district court may dismiss an action for failure to comply with any order of the Court).

### VI. CONCLUSION

24     **IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court
25 without Prepaying Fees or Costs (Doc. 3).

26     **IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed
27 with permission to file a First Amended Complaint no later than January 3, 2017.

1   **IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint by January 3, 2017, the Clerk shall dismiss this action with prejudice without further Order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a First Amended Complaint, she shall not serve it on Defendant until and unless the Court screens the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).  If and when the Court gives Plaintiff leave to serve a First Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

Dated this 2nd day of December, 2016.

_____
Honorable Eileen S. Willett
United States Magistrate Judge